IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Cortella Jones and Melissa Scott,

        Plaintiffs,

v.                                          Case No. 1:20-cv-4339-MLB

Karen Smith Woodson and Devon Woodson,

        Defendants.

_____/

## OPINION & ORDER

Defendants filed a motion for default judgment and a motion to dismiss Plaintiffs' complaint. (Dkts. 19; 20.) Plaintiffs filed a motion for leave to file out of time answer. (Dkt. 22.)

## I. Background

On October 22, 2020, Plaintiffs sued Defendants for violations of 42 U.S.C § 1983 and related state law claims. (Dkt. 1.) Defendants then filed a motion to dismiss (Dkt. 5) and Plaintiffs moved for leave to file an amended complaint (Dkt. 9). On May 27, 2021, the Court granted Plaintiffs' motion and denied as moot Defendants' motion. (Dkt. 15.) On

June 10, 2021, Defendants filed their answer and counterclaims. (Dkt. 17.) Plaintiffs' answer to those counterclaims was due twenty-one days later, on July 1, 2021. *See* Fed. R. Civ. P. 12(a)(1)(B). No answer has been filed.

On August 26, 2021, the Court entered its standing order regarding civil litigation. (Dkt. 18.) The Order referenced Local Rule 16.1 and directed counsel to confer and submit join preliminary report and discovery plan ("JPRDP"). (*Id.* at 4.) Counsel held their initial conference on September 15, 2021, where counsel agreed Plaintiffs' counsel would circulate a draft JPRDP. Defense counsel never received a draft. On November 29, 2021, the Court ordered the parties to file, on or before December 13, 2021, their JPRDP. (Dkt. 21.) On December 13, 2021, the parties filed the JPRDP. (Dkt. 25.)

On November 19, 2021, five months after Defendants filed their answer and counterclaims, Defendants filed a motion for default judgment and a motion to dismiss Plaintiffs' complaint for failure to prosecute. (Dkts. 19; 20.) On December 3, 2021, Plaintiffs responded to Defendants' motions and filed a motion for leave to file out of time answer. (Dkts. 22; 23; 24.) Defendants did not respond to Plaintiffs'

2

motion, and it is thus deemed to be unopposed. *See* LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

## II.  Motions for Leave to File Answer & Default Judgment

Plaintiffs have clearly defaulted by failing to file a timely answer to Defendants' counterclaims. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) ("A defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted."). Plaintiffs' request to file an out-of-time answer will thus be analyzed as a motion to set aside entry of default under the Rule 55(c) standard. *Id.*; Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause."). "Good cause" is not a precise standard. *Compania Interamericana Ex.-Im., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Courts "generally consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *O'Neal v. City of Hiram*, No. 4:19-cv-0177, 2020 WL 6291418, at *1 (N.D. Ga. Oct. 7, 2020). And "there is a strong preference to settle matters on the merits rather than by default judgment." *Id.*

Plaintiffs' arguments are well-taken. First, Plaintiffs' responsive pleading was due July 1, 2021, but Defendants did not seek entry of default until after discovery concluded—four and a half months after Plaintiffs' response was due. *See* Fed. R. Civ. P. 12(a)(1)(B). Second, there is nothing to suggest Plaintiffs' failure to answer resulted from an intentional or reckless disregard for the judicial proceedings in this case. It appears to have been at most a matter of negligence. Plaintiffs' attorney claims to be more familiar with the rules of Georgia state courts which do not require an answer to a counterclaim. (Dkt. 23 at 4.) When Plaintiffs' counsel learned of her mistake (by Defendants moving for default judgment), she promptly filed a motion for leave to file an out of time answer. "[A] technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his [or her] claim." *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also Am. Econ. Ins. Co. v. Murphy*, No. 5:07-cv-191, 2007 WL 3285808, at *2 (M.D. Ga. Nov. 6, 2007) ("[F]ailure to file a timely response to a complaint evidences neglect on the part of both the attorney and the client, and perhaps inexcusable neglect. It does not necessarily evidence willfulness, however, particularly where the error is

corrected within a reasonable time."). Third, Defendants, who did not respond to Plaintiffs' motion, have offered no evidence of prejudice if Plaintiffs are granted leave to file their answer. Fourth, and finally, Plaintiffs' proposed answer (Dkt. 22-2) presents meritorious defenses. The proposed answer includes fourteen defenses to Defendants' counterclaims and responses to specific allegations of the counterclaims. (*Id.*) The Court thus denies Defendants' motion for default judgment and grants Plaintiffs' motion for leave to file an out of time answer.

### III. Motion to Dismiss

Defendants move to dismiss Plaintiffs' complaint for failure to prosecute. (Dkt. 20.) According to Defendants, Plaintiffs have missed court-ordered deadlines (submission of a JPDRP), taken no discovery, and failed to timely respond to Defendants' counterclaims. (Dkt. 20-1 at 4.) Federal Rule of Civil Procedure 41(b) authorizes a district court, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice.'" *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (quoting *Hildebrand v. Honeywell,*

*Inc.*, 622 F.2d 1350, 1352 (11th Cir. 1982)) (emphasis in original). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Dallas v. A.I.M. Security*, No. 1:04-CV-2910, 2005 WL 8155015, at *1 (N.D. Ga. May 4, 2005) ("[D]ismissal with prejudice is the most severe of the available sanctions and is generally disfavored."). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Grupo Rayco C.A. v. Delta Air Lines, Inc.*, No. 1:20-cv-01952, 2021 WL 1351859, at *8 (N.D. Ga. Mar. 16, 2021).

On August 26, 2021, the Court entered its standing order. (Dkt. 18.) The order references Local Rule 16.1 which requires counsel to have a conference within sixteen days of the first appearance by Defendants by answer or motion. (*Id.* at 4.) This conference must be held before the parties file the JPRDP. LR 16.1, NDGa. Within fourteen days after a ruling on any motion to dismiss or other motion that delays the start of discovery, the parties must file an amended JPRDP. (Dkt. 18 at 4.) Counsel held their initial conference on September 15, 2021 and agreed

6

Plaintiffs' counsel would circulate a draft JPRDP. Defense counsel, however, never received such draft and no draft was submitted to the Court. Neither party made any additional attempts to discuss the JPRDP. When Defendants filed this motion to dismiss, neither Plaintiffs nor Defendants had tendered their initial disclosures and Plaintiffs had not responded to Defendants' counterclaims. On November 29, 2021, the Court ordered the parties to file their JPRDP on or before December 13, 2021. (Dkt. 21.) The parties complied. (Dkt. 25.) Plaintiffs then filed their initial disclosures on December 27, 2021 and Defendants filed their initial disclosures on February 2, 2022. (Dkts. 27; 28.)

While both parties have engaged in a pattern of delay, simple negligence is not enough to justify a Rule 41(b) dismissal. Plaintiffs responded to Defendants' original motion to dismiss and filed a motion to amend complaint. (Dkts. 9; 10.) Plaintiffs' counsel also met with defense counsel to discuss the JPRDP. (Dkt. 20-1 at 2.) Plaintiffs timely responded to Defendants' motion for default judgment and motion to dismiss for failure to prosecute. (Dkts. 23; 24.) Plaintiffs also filed a motion for leave to file out of time answer, the JPRDP, and their initial disclosures. (Dkts. 22; 25; 27.) Lesser sanctions are thus warranted

7

before the case is dismissed with prejudice. *See Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986) ("Cases sanctioning dismissal in this circuit have involved dereliction far greater than that shown here." (citing *Jones*, 709 F.2d 1457 (failure to timely comply with five court orders and motion to dismiss unopposed for eight months) and *Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir. 1980) (failure to comply with three court orders and motion to dismiss unopposed for ten months))). Because Defendants do not request any lesser sanctions, the Court simply puts Plaintiffs on notice that such dilatory conduct will not be further tolerated by the Court and **WARNS** Plaintiffs that their failure to timely comply with any further deadlines or Court orders **WILL RESULT IN THE DISMISSAL WITH PREJUDICE** of this action.

### IV. Conclusion

The Court **DENIES** Defendants' Motion for Entry of Default Judgment on Counterclaims. (Dkt. 19.) The Court **GRANTS** Plaintiffs' Motion for Leave to File Out of Time Answer to Counterclaim. (Dkt. 22.) The Court **DIRECTS** the Clerk to file Plaintiffs' Answer (Dkt. 22-2) on the docket.

The Court **DENIES** Defendants' Motion to Dismiss for Failure to Prosecute. (Dkt. 20.) The Court **WARNS** Plaintiffs that their failure to timely comply with any further deadlines or Court orders **WILL RESULT IN THE DISMISSAL WITH PREJUDICE** of this action.

**SO ORDERED** this 28th day of March, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE